WAGLAW FIUK and Another, Plaintiffs, *v.* ANTONINA MOTYKA and Others, Defendants.

Supreme Court, Kings County, April 3, 1935.

*Milton Schwartz*, for the receiver, for the motion,

*Samuel Widder*, for the plaintiffs.

*Charles Berlin*, for the defendant Motyka.

*The Ætna Casualty and Surety Company.*

CUFF, J. Plaintiff and receiver did not get along well together. Plaintiff's unfortunate predicament, practically losing his entire investment, gave him a wrong perspective from the outset. He failed to recognize the official standing of the receiver, who was the court's representative. Plaintiff asked for the receiver and then

proceeded to manage the receiver and the mortgaged premises himself. He should be forgiven because he was distracted and could not bear to see good money going after bad money. But no one forced plaintiff to have a receiver appointed. He made that choice himself. He must pay him.

Plaintiff says that he has paid for the bond. The account shows that the receiver paid that charge also. Plaintiff will have to seek a refund from the bonding company for the obligation was the receiver's — not plaintiff's. It was for the receiver to determine if a dispossess proceeding should be brought — not plaintiff. Objections as to the money spent for the lock, bulbs and coal fall far short of overcoming receiver's sworn statement that he paid those charges, which is supported by receipts. I will disallow five dollars for " administration expenses," etc., as being simply an arbitrary charge. Such expenses, I think, are covered by the commission allowed.

I am not holding that a receiver should disregard the rights and interests of others and proceed as he pleases. On the contrary, a receiver should acquaint himself fully with the situation and, if it is clear — as is usually the case — that plaintiff will become the ultimate owner of the mortgaged premises, the receiver should be practical and do little without first consulting plaintiff's attorney. That is only sensible — and a receiver is supposed to possess a full measure of common sense — for under such circumstances every penny expended is more money out of plaintiff's well-depleted pocket. But a plaintiff who initiates the move to have a receiver is charged equally with the responsibility of co-operating wholeheartedly with the court's representative. Locate him immediately following his appointment. Offer him the services of plaintiff's lawyer, if the expense of a lawyer is to be saved, and furnish him with every facility for his convenient and efficient management of the estate, extending to him the same treatment as would be accorded to a member of the bench.

Not even an approach to the proper procedure was followed in this case. Plaintiff sought to reduce the cost of the receivership from the start by having his attorney draw the petition and notice of motion to require the tenants to attorn, and unceremoniously mailed the papers to the receiver without ever having seen or talked to him on that or any other subject. The latter evidently resented this intrusion by plaintiff of determining what was to be done and of selecting for him his attorney. He was justified. It is fortunate that the amount involved is small.

Receiver and his attorney's fees are fixed at fifty dollars each.

Motion granted.